# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| KEVIN WALLACE | * |
| Plaintiff | * |
| v | *  Civil Action No. JFM-09-2666 |
| R. KOPPEL, *et al.* | * |
| Defendants | * |

## MEMORANDUM

Pending is defendants' motion to dismiss or for summary judgment. Paper No. 17. Also pending are motions filed by plaintiff to deny defendants' motion for extension of time and for assistance of counsel. Papers No. 15 and 16. Plaintiff was advised of his right to file a response in opposition to defendants' motion and of the consequences of failing to do so by way of letter dated March 23, 2010. Paper No. 18. That letter was returned to the court on April 1, 2010, marked "not at this institution" and "PRM out." Paper No. 19. For the reasons that follow, defendants' motion to dismiss or for summary judgment shall be construed as a motion for summary judgment and shall be granted.

## Background

Plaintiff claimed that on September 17, 2009, while he was incarcerated at Maryland Correctional Adjustment Center (MCAC), he had a confrontation with Sergeant Simmons during which she told him that she could have him harmed because she was part of the Black Guerilla Family (BGF), a prison gang. Paper No. 1. He alleged that since his confrontation with Simmons his life was threatened. He further claims Simmons sprayed mace into his face on October 5, 2009, and told him she did not like him because he is Muslim. Plaintiff also claims Simmons displayed a tattoo on her right arm as proof of her gang affiliation. *Id*. He seeks money damages and injunctive relief requiring Simmons' suspension from her job.

Simmons provides an affidavit denying all of plaintiff's allegations, including the allegation that she is affiliated with the BGF. Paper No. 17 at Ex. 1. Her affidavit is undisputed by plaintiff. In addition, defendants state that plaintiff displayed a pattern of disruptive behavior during his incarceration, necessitating his confinement at MCAC. Plaintiff was transferred from MCAC to Western Correctional Institution on December 28, 2009, where he remained without a problem until his release from custody on March 29, 2010. Defendants maintain that plaintiff's safety was never an issue during his incarceration at MCAC from August 14, 2009 to December 28, 2009.

## Standard of Review

Summary Judgment is governed by Fed. R. Civ. P. 56(c) which provides that:

> [Summary judgment] should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion:

> By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

*Anderson v. Liberty Lobby, Inc.*, 477 U. S. 242, 247-48 (1986) (emphasis in original).

"The party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 525 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)). The court should "view the evidence in the light most favorable to....the nonmovant, and draw all

2

inferences in her favor without weighing the evidence or assessing the witness' credibility." *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 644-45 (4th Cir. 2002). The court must, however, also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat*, 346 F.3d at 526 (internal quotation marks omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)). "The party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of [its] pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Rivanna Trawlers Unlimited v. Thompson Trawlers, Inc.*, 840 F.2d 236, 240 (4th Cir. 1988).

## Analysis

"[A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). *See also Rich v. Bruce*, 129 F. 3d 336, 339– 40 (4th Cir. 1997). Plaintiff has failed to oppose defendants' summary judgment motion denying his allegations. The undisputed facts establish that plaintiff was never threatened by Simmons and his safety was never in jeopardy as he claimed. Thus, in light of the evidence presented by defendants in support of the motion to dismiss or for summary judgment, this court concludes that defendants are entitled to judgment in their favor. A separate order follows.

\_\_May 14, 2010\_\_\_  \_\_/s/_____
Date J. Frederick Motz
United States District Judge